# Nos. 14-4649(L);
14-4710

---

**IN THE UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

---

**IN RE ELECTRONIC BOOKS ANTITRUST LITIGATION**

---

Appeal from the United States District Court
For the Southern District of New York
Case No. 11-md-02293 (DLC)
Hon. Denise Cote, U.S. District Judge

---

BRIEF OF APPELLANT

JOHN BRADLEY

---

Steve A. Miller
Steve A. Miller, P.C.
1625 Larimer St., St. 2905
Denver, CO  80202
Ph. 303.892.9933
Sampc01@gmail.com

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES……………………………..…….……………….…..3

JURSIDICTIONAL STATEMENT……………………….….…….……………5

STATEMENT OF ISSUES…………………………………..….……………….5

STANDARD OF REVIEW…………………………………….……………….5

STATEMENT OF THE CASE……………………………….….…….…………6

STATEMENT OF FACTS……………………………………….……………...7

SUMMARY OF ARGUMENT………………………..……...……………....…9

ARGUMENT…………………………………………………….……………..10

CONCLUSION…………………………………………………..……………17

CERTIFICATE OF SERVICE……………………………….....……………….18

CERTIFICATE OF COMPLIANCE.……………………………...……………..18

TABLE OF AUTHORITIES

CASES                                                                                          PAGE

*Abbott Labs. v. Gardner,*
387 U.S. 136, 87 S.Ct. 1507, 18 L.Ed.2d 681 (1967)……………………………10, 11

*Arbor Hill Concerned Citizens*
*Neighborhood Association v. County of Albany*,
522 F.3d 182 (2nd Cir. 2008)………………………………..……………..………....6

*Bronx Household of Faith v. Board of Educ., Ny,*
492 F.3d 89 (2nd Cir. 2007)…………..……………………….………………......11

*Califano v. Sanders,*
430 U.S. 99, 97 S.Ct. 980, 51 L.Ed.2d 192 (1977)……........…………………..11

*Duke Power Co. v. Carolina Envtl. Study Group,*
438 U.S. 59, 98 S.Ct. 2620, 57 L.Ed. 2d 595 (1978)……………...………………14

*In re Literary Works in Electronic Databases Copyright Litigation*,
654 F.3d 242 (2nd Cir. 2011). ....……………………………..………….……6

*McDaniel v. County of Schenectady*,
595 F.3d 411 (2nd Cir. 2010)……………………………………………………..6

*National Park Hospitality Ass'n v. Dep't of the Interior,*
538 U.S. 803, 123 S.Ct. 2026, 155 L.Ed.2d …………………………...………13

*Nutritional Health Alliance v. Shalala,*
144 F.3d 220 (2nd Cir. 1998)………..………………………………..……………10

*Regional Rail Reorganization Act Cases,*
419 U.S. 102, 95 S.Ct. 335, 42 L.Ed.2d 320 (1974)……………………...…….13

*Simmonds v. I.N.S.,*
326 F.3d 351 (2nd Cir. 2003)……………………………………………………14, 15

*Thomas v. City of New York,*
143 F.3d 31 (2nd Cir. 1998)……………………………….....................……10

*Whitman v. Am. Trucking Ass'ns,*
531 U.S. 457, 121 S.Ct. 903, 149 L.Ed. 2d 1 (2001)………………..…………15


***STATUTES:***

15 U.S.C. § 4 …………………………………………………………………….….5

15 U.S.C. § 15………………………………………………………………………5

28 U.S.C. § 1291……………………………………………………………...…5

28 U.S.C. § 1331……………………………………………………...….…5

28 U.S.C. § 1337……………………………………………………...…5

## **JURISDICTIONAL STATEMENT**

The U.S. District Court for the Southern District of New York (Cote, J.) exercised jurisdiction over this action pursuant to 15 U.S.C. §§ 4 and 15; and 28 U.S.C. §§ 1331 and 1337.

This Court has appellate jurisdiction under 28 U.S.C. § 1291. The district court entered its Final Judgment (A-206) (Doc. 684) approving the class action settlement on November 21, 2014. The district court also entered its Order Granting Class Counsel's Motion for Award of Attorneys' Fees and Reimbursement of Expenses Related to Apple Settlement (A-216) (Doc. 685) on November 21, 2014.

Class member John Bradley timely filed his Notice of Appeal (A-222) (Doc. 689) on December 19, 2014. This appeal is from a final judgment that disposes of all parties' claims.

## **STATEMENT OF ISSUES**

1. Is the settlement fair, adequate and reasonable?

## **STANDARD OF REVIEW**

This Court reviews the district court's decision to approve a class action settlement for abuse of discretion, which occurs when the district court's decision rests on an error of law or clearly erroneous factual finding or its decision cannot

be located within the range of permissible decisions. *In re Literary Works In Electronic Databases Copyright Litigation*, 654 F.3d 242, 249 (2nd Cir. 2011). The same standard of review applies to the district court's award of attorneys' fees. *McDaniel v. County of Schenectady*, 595 F.3d 411, 416 (2nd Cir. 2010). In this regard, this Court requires that the district court step into the shoes of a reasonable paying client who wishes to pay the least amount necessary to litigate the case effectively. *Arbor Hill Concerned Citizens Neighborhood Association v. County of Albany*, 522 F.3d 182, 184 (2nd Cir. 2008).

## STATEMENT OF THE CASE

Antitrust lawsuits were filed by Class Plaintiffs and 33 Attorneys General claiming there was a conspiracy involving Apple and certain publishers to fix and raise retail prices of E-books. The cases are known as *In re Electronic Books Antitrust Litigation*, No. 11-md-02293, and *The State of Texas, et al., v. Penguin Group (USA) Inc., et al.*, No. 12-Civ-03394. These lawsuits were brought on behalf of consumers who purchased one or more qualifying E-books from April 1, 2010 through May 21, 2012.

A trial in the Attorney General lawsuit against Apple was held in June 2013. The district court found Apple liable for violating antitrust laws and set a date for a second trial to determine the amount of damages, if any, Apple should pay. Apple denies that it did anything wrong and is appealing the district court's finding of

liability, Appeal No. 13-3741. Apple, the Attorneys General and Class Plaintiffs agreed to a settlement on July 10, 2014 (A-130) (Doc. 642-1) subject to the final outcome of Apple's appeal. On August 1, 2014, the district court preliminarily approved the settlement. (A-190) (Doc. 651).

Pursuant to the settlement, in the event Apple's appeal is affirmed for appellees, Apple has agreed to pay $400 million for eligible consumer compensation, $20 million to plaintiff states for their attorneys' fees and $30 million to class counsel for their attorneys' fees and costs. In the event Apple's appeal results in vacatur and remand or reversal and remand for reconsideration or retrial on liability, Apple has agreed to pay $50 million for eligible consumer compensation, $10 million to plaintiff states for their attorneys' fees and $10 million to class counsel for their attorneys' fees. In the event Apple's appeal results in reversal of the finding of liability, Apple will pay nothing. (A-141, 142).

## STATEMENT OF FACTS

The underlying class action antitrust lawsuits were filed by Class Plaintiffs and 33 Attorneys General. The lawsuits claimed there was a conspiracy involving Apple and certain publishers to fix and raise retail prices of E-books. These lawsuits were brought on behalf of consumers who purchased one or more qualifying E-books published April 1, 2010 through May 21, 2012.

Five publishers settled these claims before trial, resulting in $166 million in payments being made available to consumers. A trial in the Attorney General lawsuit against Apple was held in June 2013. The district court found Apple liable for violating antitrust laws, and set a date for a second trial to determine the amount of damages, if any, Apple should pay. Apple denies that it did anything wrong and is appealing the Court's finding of liability, Appeal No. 13-3741. Apple, the Attorneys General and Class Plaintiffs have agreed to settle these lawsuits, subject to the final outcome of Apple's appeal. See Statement of the Case above.

Counsel for the class and defendants reached a settlement on July 10, 2014 (A-130) (Doc. 642-1) which was preliminarily approved by the district court on August 1, 2014 (A-190) (Doc. 651). Notice of the proposed settlement was received by class members and Objector/Appellant John Bradley timely filed his Objections to Class Action Settlement and Attorneys' Fees on October 31, 2014 (A-199) (Doc. 671). The settlement was approved by the district court and judgment was entered accordingly on November 21, 2014 (A-206) (Doc. 684) along with the district court's order granting class counsel's motion for attorneys' fees and reimbursement of expenses (A-216) (Doc. 685). This appeal ensued (A-222) (Doc. 689).

## **SUMMARY OF ARGUMENT**

The district Court erred when it entered its Judgment approving the class action settlement in this case. The exact terms of the settlement and the manner in which the class members will be compensated are entirely dependent upon the decision of this Court in defendant's liability appeal. Until this Court renders such a decision, the district court cannot adequately analyze whether the settlement at issue in this case is fair and reasonable to the absent class members. As the absent class members receive nothing from this settlement until a decision is handed down in the liability appeal, there was nothing that prevented the district court from deferring its ruling until such time as the liability appeal was decided. The district court's failure to defer its ruling will lead to confusion and uncertainty and potential future litigation concerning the effect of this Court's decision in the liability appeal on the terms of the settlement in this case. This Court should reverse and remand this matter to the district court with instructions to stay until such time as the liability appeal is concluded.

# **ARGUMENT**

**The settlement approved by the district court is premature, as the issues and terms addressed by the parties in such settlement that were approved by the district court are dependent upon a future event, namely the decision by this Court in the appeal currently pending concerning the district court's finding of antitrust liability in the Attorney General's case against Defendant.**

The district court's approval of the settlement in this case is premature in that the fact that the settlement will not become effective until the occurrence of a future event renders it impossible for the district court to properly analyze whether the settlement is fair and reasonable to the absent class members. As this is a class action settlement which requires scrutiny by the district court, the analysis is one of ripeness. The rather simple issue is whether making the exact terms of a settlement dependent upon a future event renders it impossible for the district court to determine whether the settlement is fair and reasonable.

Ripeness is a constitutional prerequisite to exercise of jurisdiction by federal courts. *Nutritional Health Alliance v. Shalala,* 144 F.3d 220, 225 (2nd Cir. 2008); *See Abbott Labs. v. Gardner,* 387 U.S. 136, 148-49, 87 S.Ct. 1507, 18 L.Ed.2d 681 (1967)*; Thomas v. City of New York,* 143 F.3d 31, 34-35 (2nd Cir.1998). The court, therefore, can raise the issue sua sponte. See *Thomas,* 143 F.3d at 34. Here, the

district court approved a settlement conditioned upon speculation as to what would occur concerning defendant's appeal of the earlier liability finding, and the recovery of the class was altered based upon such speculation by the parties and, therefore unfair.

The Supreme Court explained that the "basic rationale" of the doctrine of ripeness is to "prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements" and to prevent "judicial interference" until the effects of a defendant's actions are "felt in a concrete way" by the plaintiffs. *Bronx Household of Faith v. Board of Educ., Ny,* 492 F.3d 89, 111 (2nd Cir. 2007); *Abbott Laboratories v. Gardner,* 387 U.S. 136, 148-49, 87 S.Ct. 1507, 18 L.Ed.2d 681 (1967), *overruled on other grounds, Califano v. Sanders,* 430 U.S. 99, 97 S.Ct. 980, 51 L.Ed.2d 192 (1977). As outlined in *Abbott,* the ripeness inquiry generally requires a federal court to consider "the fitness of the issues for judicial decision and the hardship to the parties of withholding court consideration." *Id.* at 149.

It is not unusual for parties to "hedge their bets" and try to control for particular outcomes they each find necessary, or important to their respective positions in litigation during settlement. However, in this particular instance the district court approved a proposed settlement that was conditioned upon the

11

occurrence or non-occurrence of a particular event: affirmation, remand or outright reversal of the liability finding in the Attorney General's case. Without actual knowledge as to the decision in the liability appeal, the district court has entangled itself in abstract analysis as to the strengths and weaknesses of plaintiffs' claims when such analysis is unnecessary. The district court just has to wait until there is a decision in the liability appeal. Once that occurs, the relative strengths and weaknesses of the case will have been fully developed without the need for speculation or conjecture.

     The trial court's premature approval of the proposed settlement constitutes the "judicial interference" that has resulted in the class members releasing their individual claims in a settlement that was negotiated based upon speculation as to the strengths and weaknesses of the respective positions of the parties. Here, the defendant's actions will be "felt in a concrete way" once the liability appeal has concluded and the position of the defendant is revealed. Until such time, there is absolutely no way that the district court can determine whether the settlement is fair and reasonable as it is required to do to protect the absent class members. Once the liability appeal is resolved, the named plaintiffs can then negotiate a settlement on behalf of the class members that reflects the actual strength of their legal position-not some speculative or nebulous notion as to what weakness(es) the

parties each face if they fail to settle such case. Put another way, if the liability determination is affirmed, it may result in a stronger, better settlement for the class than one negotiated based on the fear of what outcome may occur. Therefore, it is incumbent upon this Court to remand this matter back to the district court until such time as the true strength of plaintiffs' claims can be determined based upon the decision of this Court in the liability case.

The fundamental concern of ripeness is whether at the time of the litigation the issues in the case are "`fit' for judicial decision." *National Park Hospitality Ass'n v. Dep't of the Interior,* 538 U.S. 803, 814, 123 S.Ct. 2026, 155 L.Ed.2d 1017 (2003) (Stevens, J., concurring); *see also Regional Rail Reorganization Act Cases,* 419 U.S. 102, 140, 95 S.Ct. 335, 42 L.Ed.2d 320 (1974) ("ripeness is peculiarly a question of timing"). The concept of ripeness assumes that the relationship between the parties might at some point ripen into an injury sufficiently direct and realized to satisfy the requirements of Article III standing. It recognizes, however, that some disputes mature in stages, going through preliminary phases during which the injury is as yet but a speculative possibility, too remote or hypothetical to warrant present submission to a federal court. Such a dispute is considered as yet "unripe" for adjudication. *Id.*

For the district court, the issues brought to the bench by the parties were not

yet "fit" for judicial decision. The entire settlement as promoted by the parties was conditioned upon the occurrence or non-occurrence of events in which this Court had no control. The proposed settlement that the parties brought to the Court for approval was "unripe" for judicial adjudication, as it contemplated matters outside the purview of the Court, which were speculative and/or hypothetical in nature for which the parties choose to use as the basis for settlement of the class members claims.

Issues of ripeness "involve, at least in part, the existence of a live 'Case or Controversey,' a conclusion that the complaining party will sustain immediate injury . . . and that such injury would be redressed by the relief requested would appear to satisfy this constitutional requirement." *Simmonds v. I.N.S.,* 326 F.3d 351, 358 (2nd Cir., 2003); *Duke Power Co. v. Carolina Envtl. Study Group,* 438 U.S. 59, 81, 98 S.Ct. 2620, 57 L.Ed. 2d 595 (1978). There is no indication that the class members would suffer "immediate injury" if the Court did not enter the Judgment approving the settlement. Furthermore, the class members do not receive any benefits until the liability appeal is decided - demonstrating that the settlement could very easily be put off until such time as this Court issues a decision in that case. Indeed, "issues have been deemed ripe when they would not benefit from any further factual development and when the court would be in no

14

better position to adjudicate the issues in the future than it is now." *Simmonds*, 326 F.3d at 359; *Whitman v. Am. Trucking Ass'ns,* 531 U.S. 457, 479, 121 S.Ct. 903, 149 L.Ed. 2d 1 (2001).

The issues presented to the district court below would in fact have benefitted from further factual development- waiting for a decision in the liability appeal. The district court will be in a better position to analyze the fairness and reasonableness of the settlement once the liability appeal is decided rather than allowing the parties to enter into a settlement requiring court approval that does nothing more than attempt to shift risk and leverage each side on events that may or may not ever occur. Ultimately, the problem for the plaintiffs and defendants in this case is that there is no "live case or controversy" when the settlement they have propped up and had approved by the trial court is dependent upon the outcome of another case in another court.

As a practical matter, reversing and remanding this matter to the district court would also alleviate potential confusion and uncertainty of the class members. It is apparent from the district court's Preliminary Approval Order that the district court at least had some concerns about the three different settlement scenarios and the potential for confusion. (A-190) (Doc 651). In that Order, the district court stated that "during a July 24 telephone conference, plaintiffs' counsel

addressed, <u>inter alia</u>, the reduction from $400 million to $50 million in the event of a remand for further proceedings." (A-193). The district court indicated that during the conference, plaintiffs' counsel emphasized that plaintiffs "strongly believe" that the remand scenario is unlikely to occur, a position repeated in a letter to the court on July 30, 2014. Based solely upon the representations of plaintiffs' counsel, and without further exploration of the issue, the district court found that the provisions contained in the Settlement Agreement reduced the likelihood of the remand scenario as well as the likelihood of confusion and future litigation concerning whether the remand scenario had been triggered. However, the fact that the district court discussed the remand scenario in its Preliminary Approval Order is, in itself, telling. If the exact terms of this settlement are dependent on the determination of liability issues by this Court in a separate appeal, the district court could not adequately address whether this settlement is fair and reasonable without first knowing what this Court's decision will be in that case. Appellant would submit that without that decision, there can be nothing but confusion and uncertainty which would be entirely eliminated if the district court simply waited to determine whether the settlement is fair and reasonable based upon the actual decision in the liability appeal.

## **CONCLUSION**

WHEREFORE, for the foregoing reasons, this Court should reverse and remand the district court's judgment and order that the case be stayed until there is a decision in the liability appeal at which time the district court will be able to properly evaluate whether the settlement is reasonable and fair to the absent class members.

Respectfully submitted,

/s/Steve A. Miller
Steve A. Miller, P.C.
1625 Larimer St., Ste. 2905
Denver, CO 80202
T: 303.892.9933
F: 303.892.8925

## CERTIFICATE OF SERVICE

## CM/ECF FILING/SERVICE
## U.S. Court of Appeals, Case No. 14-4649

      I hereby certify that on April 17, 2015, I electronically filed the foregoing with the Clerk of the United States Court of Appeals for the Second Circuit using the CM/ECF system which will provide notification of such filing to all counsel of record.

April 17, 2015                                                             s/Steve A. Miller

## CERTIFICATE OF COMPLIANCE WITH RULE 32(a)(7)(C)

      Pursuant to the Federal Rule of Appellate Procedure 32(a)(7)(C), I certify that the foregoing brief is proportionately spaced, has a typeface of 14 points Times Roman, and as calculated by my word processing software (MS Word) contains 3184 words.

April 17, 2015                                                           s/Steve A. Miller